## Reed *versus* Marshall *et al.*, Executors.

1. R. brought an action against the executors of W., for the amount of a legacy. The defendants pleaded as a set-off, two promissory notes of the plaintiff, due to the testator. The plaintiff replied the Statute of Limitations in bar of the demand proposed to be set off, and to this the defendants filed a general demurrer. The court entered judgment for the defendants on the demurrer. *Held*, that the replication of the Statute of Limitations was good, and that judgment should have been entered on the demurrer for plaintiff.

2. *Courtenay v. Williams*, 3 Hare 539, reviewed.

May 21st 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY and STERRETT, JJ. PAXSON and WOODWARD, JJ., absent.

Error to the Court of Common Pleas of *Adams county*: Of May Term 1879, No. 171.

Debt for a legacy, brought by John W. P. Reed against James H. Marshall and Joseph Kittinger, executors of John Waugh, deceased.

John Waugh was a bachelor, and the owner of a considerable real and personal estate. He died in April 1874, having made his will dated November 7th 1870, which was duly proved April 28th 1874. The defendants, his executors, filed an inventory of personal estate on the 26th of May 1874, amounting to $44,482.12. In this inventory were two promissory notes, given to Waugh by the plaintiff—one dated April 1st 1864, payable two years after date with interest, for $500, the other dated September 27th 1864, payable one day after date, for $100.

The will of John Waugh contained the following clause:

"Item.—I give to the children of my brother Alexander Waugh one thousand dollars each. To the children of my sister Mary, who was intermarried with John Cunningham, I give one thousand dollars each. To the children of my sister Elizabeth I give one thousand dollars each. To the son of my sister Margaret, intermarried with Rev. John Hutchinson, one thousand dollar note. If any of the foregoing nephews or nieces have died, or should die, before my decease, then, and in that case, his or her legacy shall go to his or her children."

Grissell Reed, the plaintiff's mother, was a daughter of the

testator's sister Elizabeth, and, if living, would have been entitled to $1000 under his will. She died before the testator, and before the date of the will, leaving five children who claimed her legacy.

The executors paid four of these children $200 each, but refused to pay the plaintiff his portion, alleging that he was indebted to the estate in a larger amount.

The plaintiff filed his *narr.* in debt for $200, with interest from April 28th 1875. The defendants filed their plea, setting forth the two notes of the plaintiff mentioned in the inventory as a set-off and in extinguishment of the plaintiff's claim. The plaintiff replied the Statute of Limitations in bar of the demand proposed to be set-off; and to this the defendants filed a general demurrer. The case was argued before Herman, P. J., of the ninth judicial district, who entered judgment for the defendants in an opinion, inter alia, saying :

"The question presented by the demurrer is, whether the executors can avail themselves of these notes as an equitable defence to the plaintiff's action to recover, out of the assets of the testator, his share of the legacy bequeathed to the children of Grisell Reed. I can find no reported case, in Pennsylvania or any of the other states, in which this precise point has been decided. But in Courtenay *v.* Williams, an English case, reported in 3 Hare 539, which was a suit by a legatee to obtain payment of the legacy out of the assets of the testator in due course of administration, it was held by Vice-Chancellor Wigram, that the executor might retain so much of the legacy as was sufficient to satisfy a debt due from the legatee to the testator at the time of his death, although the remedy for such debt was, at the time of the death of the testator, barred by the Statute of Limitations. This is a well-considered case, and the decision rests upon the soundest principles of equity and justice. Keeping in mind that the Statute of Limitations does not extinguish the debt, but bars only the remedy for its recovery, it will require no refined process of reasoning to understand why a legatee, when he sues to obtain payment of a legacy out of the assets of the testator, although under the forms of the law, will be required to do equity by applying his debt in payment of it. He must come into court in a case like this with clean hands. I find the case of Courtenay *v.* Williams cited with approval by Mr. Justice READ, in Thompson's Appeal, 6 Wright 357, where, although the six years not having fully run until after the death of the testator, the precise point was not raised or decided; yet his comments upon the case show his respect for it as an authority upon the question now before us. The case of Romig *v.* Erdman, 5 Whart. 112, may be cited as bearing upon the same question.

"I think it is clear, both upon principle and authority, that the unpaid notes given to the testator in his lifetime by the plaintiff, are avoidable in the hands of the executors as an equitable defence

[Reed v. Marshall.]

to this action by the plaintiff for the recovery of his legacy, notwithstanding his plea of the Statute of Limitations, and as his debt exceeds the amount of his legacy, judgment must be entered for the defendants. Judgment is rendered for the defendants on the demurrer."

This action was assigned for error by the plaintiff, who took this writ.

*R. G. McCreary*, for plaintiff in error.—It is well settled as the law of Pennsylvania, that after the lapse of six years the statute, if invoked, works an extinguishment of all legal rights and remedies upon demands within its operation, and that there can be no recovery, unless upon proof of a new promise: Jones v. Moore, 5 Binn. 573; Levy v. Cadet, 17 S. & R. 126; Zent's Ex'r, v. Heart, 8 Barr 337; Magee v. Magee, 10 Watts 173; Senseman v. Hershman, 1 Norris 83.

The statute would have been a good plea in bar of a suit on these notes by John Waugh's executors, and is equally available in reply to a plea of set-off, which is in the nature of a cross-action, and may be used or not at the option of the defendant. In such case the statute runs until plea filed. The equity doctrine about coming into court with clean hands and doing equity, is misapplied when used in relation to a suit for a legal demand: Himes v. Barnitz, 8 Watts 43; Hinkley v. Walters, 8 Id. 260; Gilmore v. Reed, 26 P. F. Smith 462.

The authority of McClintock's Appeal is limited to cases of distribution in the Orphans' Court, and other cases of pure trust enforceable in equity only, and has no application in personal actions against executors: Micheltree's Adm'r v. Veach, 7 Casey 455; McCandless's Estate, 11 P. F. Smith 9.

*David Wills*, for defendants in error.—Where a legatee is a debtor to the estate to an amount exceeding his legacy, it is a complete bar to any recovery of the legacy: 2 Williams on Exr's *934; 2 Roper on Leg. 61; Jeffs v. Woods, 2 P. Wms. 128; Bacon's Abridgment 340, note 1; Eden v. Smyth, 5 Ves. 341; Courtenay v. Williams, 3 Hare (Eng. Ch. Rep.) 539.

The legatee, when he comes into court to demand his legacy, is obliged to do equity by applying his debt in payment of it, and it is not a case to which the Statute of Limitations applies: Thompson's Appeal, 6 Wright 345. The Statute of Limitations does not apply, because the defendants' claim, by way of retainer as executors, moneys in their own hands, which they have a right to apply in payment of the legacy: Romig v. Erdman, 5 Whart. 112. The giving of a legacy to a debtor is not an extinguishment of the debt, and the latter may be set-off by the executor against the legacy: Strong's Ex'r v. Bass, 11 Casey 333; see, also, Zeigler

[Reed *v.* Marshall.]

*v.* Eckert, 6 Barr 13 ; 2 Story's Eq. Jur., sects. 1122–3. The Statute of Limitations does not apply to an executor to prevent him from retaining a legacy from one indebted to the estate : 2 Redf. on Wills 484, sects. 19–21 ; 2 Roper on Leg., sects. 1063–7.

.   Mr. Justice. STERRETT delivered the opinion of the court, October 6th 1879.

The single question raised by the demurrer in this . case is whether the Statute of Limitations is a good replication to the defendants' plea of set-off. Both notes given by the plaintiff to the testator in his lifetime, as described in the plea, were overdue and wholly unpaid for more than six years before the death of the latter ; and it is not even alleged that there was any new promise express or implied in the meantime. Hence, it is claimed that they were barred by the statute, and therefore unavailable as a defence, either at law or in equity, to the plaintiffs' demand.

If the defendants had brought suit on the notes, it is very clear that, without proof of a new promise within six years, the statute could have been successfully interposed as a bar to their recovery ; and it is difficult to see how they are in any better position when they endeavor to avail themselves of the notes as a set-off or cross-demand. In actions at law the bar of the statute is equally applicable to the defendants' cross-demand as to the plaintiffs' claim ; and there is no good reason why it should not be so. Set-off is in the nature of a cross-action, optional with the defendant, and the statute runs against it until pleaded ; and so completely is it in the control of the defendant, that even when pleaded, it may be withdrawn : Gilmore *v.* Reed, 26 P. F. Smith 462.

As a general rule, the death of the debtor does not suspend the running of the statute, as respects the right of action, and it may be pleaded by the administrator. It was accordingly held, in Micheltree's Administrator *v.* Veach, 7 Casey 455, that an administrator may plead the statute against a debt which matured less than six years before the death of his intestate, but more than that length of time before suit brought; that the doctrine of McClintock's Appeal, 5 Casey 360, and kindred cases, has. no application to personal actions against the representatives of a debtor. These latter are cases of direct trust, cognisable in the Orphans' Court, which is practically a court of equity. Thus, a debt, which has accrued less than six years before the death of a debtor, but more than six years before settlement and distribution of his estate, is entitled to participate in the distribution. The right of the creditor to his just proportion of the assets of the deceased debtor vests at the death of the latter, and the law commits them to the care of an administrator in trust for all whose debts were valid and subsisting at the death of the intestate : McClintock's Appeal, *supra ;*

[Reed v. Marshall.]

McCandless's Estate, 11 P. F. Smith 9. On the same principle, an assignment for the benefit of creditors does not stop the running of the statute in an action at law, yet the assignee cannot set it up when distribution is claimed from him on a debt not barred at the time of the assignment. A testamentary trust to pay debts does not revive such debts of the testator as were barred by the Statute of Limitations at the time of his decease, but when the trust is clear and explicit, and not merely implied, it suspends the running of the statute on debts due but not barred at the death of the testator : Agnew v. Fetterman, 4 Barr 56. These, and similar cases, rest upon the express trust under which the assets are held by the parties charged with their administration. All creditors who have valid and subsisting claims at the inception of the trust have a right to participate in the distribution, notwithstanding the lapse of more than six years from the maturity of their respective claims.

From what has been said, it follows that in actions at law the Statute of Limitations may be pleaded against items of set-off in the nature of cross-demands, as well as against the plaintiff's claim ; but in the distribution of assets under express trusts, cognisable in courts exercising equity jurisdiction, the statute cannot be interposed against creditors whose claims were valid and subsisting at the inception of the trust. The notes which the defendants set out in their plea, belong to the former class, and inasmuch as they were barred by the statute even before the death of the testator, the replication of the statute was good, and judgment should have been entered, on the demurrer, in favor of the plaintiff.

The case of Courtenay v. Williams, 3 Hare 539, on which the court below appears to have mainly rested its judgment, is not in accord with the current of decisions under our Statute of Limitations. It arose, as the vice-chancellor says, " under the statute 21 Jac. 1, c. 16, which takes away the remedy against the debtor, unless the action is brought within six years after the cause of action arose; but it leaves the right untouched, differing in this respect, from a more recent Statute of Limitations, by which the right as well as the remedy is barred." From this feature of the statute, it appears to follow that if the creditor receive into his possession money or property of the debtor, he may return it in satisfaction of his claim, notwithstanding an action brought to recover it would be barred by the statute.

Judgment reversed and judgment, on the demurrer, in favor of the plaintiff, to be liquidated by the prothonotary of the court below.